SELMA BOUMIL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boumil v. Commissioner
Docket No. 5758-88
United States Tax Court
T.C. Memo 1990-84; 1990 Tax Ct. Memo LEXIS 84; 58 T.C.M. (CCH) 1465; T.C.M. (RIA) 90084; February 26, 1990
S. James Boumil, for the petitioner. Paul Colleran and Steven W. Ianacone, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge *85 : This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7443A(b)(4) and Rule 180 et seq. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Before the Court for disposition is respondent's Motion to Dismiss for Lack of Jurisdiction based upon an untimely filed petition under section 6213(a). Respondent determined a deficiency and an addition to the tax in Selma B. Boumil's (hereinafter petitioner) Federal income tax for 1983, and on October 30, 1986, sent a deficiency notice by certified mail to petitioner at "68 Kings Hwy., Hampton, NH 03842." The Post Office returned the notice to the Andover Internal Revenue Service Center on November 14, 1986, along with a certified claim check indicating that the notice remained unclaimed after two attempted notifications. Section 6213(a) provides that a petition must be filed within 90 days after the *86 deficiency notice is mailed. Petitioner filed her petition for redetermination on March 23, 1988, at which time she resided in Hampton, N.H. It was received by the Court in an envelope bearing U.S. postmark dates of March 16, 1988. To maintain an action in this Court, there must be a valid deficiency notice and a timely filed petition. See , affd. without published opinion ; . This Court lacks jurisdiction if the petition is not timely filed. . If the deficiency notice is invalid, however, we will dismiss on that ground rather than for lack of a timely filed petition. Respondent would then be prohibited from assessing a deficiency in petitioner's tax. Secs. 6213(a) and 6501; . To be valid, a notice of deficiency must be mailed by certified or registered mail to a taxpayer's last known address. Sec. 6212(a) and (b)(1). Respondent has the burden of proving that the deficiency notice was *87 properly mailed. . On May 1, 1986, respondent's examiner at the Andover Internal Revenue Service Center requested an individual master file national computer center transcript (IMF) for updated information as to petitioner's last known address based upon the processing of tax returns and change of address information supplied to the IRS through March of 1986. The May 2, 1986, IMF transcript listed petitioner's address as 68 Kings Highway, Hampton, NH 03842. Consequently, this is the address to which respondent issued the October 30, 1986 notice of deficiency. Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's last known address. Repeatedly, this Court has held that it is the address which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice to be sent. ; . Petitioner maintains that P.O. Box 776 (Box 4776 before the Post Office moved) is and has been her only mailing address at all relevant times because "she *88 was simply unable to receive mail at 68 Kings Highway for years as the box delivery system there was inoperative." Petitioner's 1983 Form 1040 bears the address: "P.O. Box 4776 (68 Kings Highway), Hampton, N.H. 03842." As a general matter, respondent may treat the address appearing on the return for the year in question as petitioner's last known address absent "clear and concise notification" of an address change. , affd. without published opinion . In , we adopted a new rule with respect to whether a more recently filed return should be considered notice of a change of address: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" *89 is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. Further, we hold that the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN * * *. [Fn. ref. omitted.] Petitioner's 1984 Form 1040, signed and dated April 13, 1985, bears the address: "P.O. Box 4776, Hampton, N.H. 03842." This 1984 Form 1040 is petitioner's most recently filed return. The P.O. Box address was available to respondent's agent at the time the deficiency notice for 1983 was prepared and issued in the latter part of 1986, even though it was not reflected on the IMF transcript. We conclude that 68 Kings Highway was not petitioner's last known address for purposes of section 6212. Therefore, the October 30, 1986 deficiency notice issued by respondent is invalid. In view of our conclusion, *90 respondent's motion to dismiss based on the untimeliness of the petition will be denied. We dismiss for lack of jurisdiction, based upon the invalidity of the notice of deficiency concerning petitioner's 1983 taxable year. To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to sections of the Internal Revenue Code in effect for the year in issue and Rule references are to the Tax Court Rules of Practice and Procedure.↩